UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of LISA ABELOW HEDLEY, | : CIVIL ACTION No. 1:19-cv-07209-DAB : : |
| *Plaintiff*, | : **MEMORANDUM OF LAW IN** : **SUPPORT OF PLAINTIFF'S** |
| v. | : **OPPOSITION TO DEFENDANT'S** : **MOTION TO DISMISS** |
| GANDER & WHITE SHIPPING, INC., | : : |
| *Defendant*. | : : |

In support of its Opposition to the Motion to Dismiss by Defendant, Gander and White Shipping, Inc., Plaintiff, Federal Insurance Company, as subrogee of Lisa Abelow Hedley, by and through the undersigned counsel, submits the instant Memorandum of Law.

## I.   INTRODUCTION

For a variety of reasons, the motion must be denied. First, contrary to the well-settled principles governing motions to dismiss, it is based on evidence extrinsic to Plaintiff's complaint. It is a motion for summary judgment, not a motion to dismiss.

Moreover, genuine issues of material fact prevent summary judgment from being granted. Plaintiff disputes that its subrogor, Lisa Abelow Hedley, agreed to the terms and conditions which form the basis of Defendant's motion. Plaintiff also disputes that in its complaint Plaintiff somehow admitted that those terms and conditions – supplied as an exhibit to Defendant's motion, but not attached to Plaintiff's complaint – form the basis of the contract which is the subject of the complaint. Although a contract did exist, its terms were manifestly *not* those which Defendant has cited.

## II.    FACTS

By necessity, the operative facts at issue in a motion to dismiss are those – and only those – which appear in Plaintiff's complaint. The complaint, annexed to Defendant's motion as Exhibit A, avers in relevant part as follows:

\*     \*     \*

8. On or about December 13, 2018, Federal's subrogee, Lisa Abelow Hedley, entered into an agreement with Defendant Gander & White whereby, in exchange for good and valuable consideration, Defendant Gander & White undertook to pack, remove and transport three works of art by artist Donald Moffett, owned by Ms. Hedley (collectively, The Three Moffett Works), from Ms. Hedley's home at 173 East Inlet Drive, Palm Beach, Florida 33480, to New York City.

9. Federal's subrogor, Ms. Hedley, and Defendant Gander & White agreed that two of the three works of art by Mr. Moffett – named "30/0" and "Fodder" – were to be transported to the Sotheby's auction house in New York City, and that the third work by Mr. Moffett, "Exit Hole," was to be transported to the Marianne Boesky Gallery in New York City.

10. On or after December 13, 2018, employees and/or agents of Defendant Gander & White arrived at Ms. Hedley's house and packed The Three Moffett Works for transport to New York City.

11. On or after December 13, 2018, employees and/or agents of Defendant Gander & White removed the packed Three Moffett Works from Ms. Hedley's Palm Beach home and placed them in a motor vehicle owned by and/or under the direction of Defendant Gander & White.

12. After The Three Moffett Works were removed from Ms. Hedley's Palm Beach home, Defendant Gander & White first transported them to its facility in West Palm Beach, Florida.

13. At its West Palm Beach facility, employees and/or agents of Defendant Gander & White opened the shipping containers in which The Three Moffett Works had been packed and determined that each of the three had been damaged.

14. On "Exit Hole," the extruded paint was extensively

        compromised, numerous paint tips were broken off, and paint tips were missing from the upper, left center. Blue paint residue and paint tips, likely from other works, were visible throughout. Blue paint smudges were visible on the plywood along the edge of the hole in the center of the work, which continued to the back of the painting. Additional smudges were visible on the canvas along the side edges and corners.

15. On "30/0" and "Fodder," numerous paint tips were broken off from the surfaces and flattened in many places. White paint residue and white paint tips from other works were visible throughout. Paint tips from other works broke off and became lodged in the subject works. Blue paint smudges were visible on the canvas along the side edges and corners of each work.

                        \*      \*      \*

Defendant's Exhibit A. Nowhere does the complaint refer to printed terms and conditions as part of the averred contract. Nowhere does the complaint admit that the terms and conditions which Defendant has attached to its motion to dismiss were incorporated into the agreement between Ms. Abelow Hedley and Defendant.

      The terms and conditions which Defendant has attached to its motion as Exhibit B consist of a "collection note" which allegedly included the terms and conditions upon which Defendant relies. It refers to the three Moffett works of art which are the subject of Plaintiff's complaint. It contains fields which state, among other things, "Crew: Pete, Chris, Forrest" and "Bay: Vault Floor." The "recipient" is indicated to be "Forrest." At the top, the form says "Administered by Sara Rada," and it seems to contain Ms. Rada's handwritten initials next to a handwritten date of "12-13-18." The form also contains a preprinted date of "12/13/2018," yet just above it inexplicably and contradictorily states that it was "Printed By Sara Rada 12/12/2018 11:35:07 AM."

      Defendant's Exhibit B does not plainly state its purpose, doesn't say where it was completed, doesn't refer to itself as a bill of lading, doesn't contain, or indicate, any opportunity

for the customer to declare a value of the works, and, most importantly, doesn't contain even the slightest scintilla of any indication of assent by Ms. Abelow Hedley. There is no signature by Ms. Hedley anywhere on the form, and not even a place for her signature.

The declaration which introduces the documents of Defendant's Exhibit B is that of defense counsel Wendy Lindstrom, Esq. In her declaration, Ms. Lindstrom states that she is "familiar with the facts stated herein based upon my review of the file maintained for the defense of this action," Lindstrom Declaration, paragraph 2. In her declaration, Ms. Lindstrom does not state that the declaration is upon her personal knowledge. Moreover, in her declaration, Ms. Lindstrom states that Gander & White crated and transported the three artworks in question "pursuant to Collection Note number PB70611-2-439362 and the annexed Standard Terms and Conditions," without anywhere indicating how she established that connection. In conjunction with its motion, Defendant has not furnished a declaration from any Gander & White agent or employee attesting to how the crating and transporting became subject to the connection note and/or the terms and conditions.

In fact, to the best of her recollection, Ms. Hedley states that Gander & White did not hand her the collection note or the standard terms and conditions on the date Gander & White picked up the artworks. She does not know if the collection note or the standard terms and conditions were given to her housekeeper, does not recall agreeing to a limitation of damages, does not recall receiving a bill of lading with respect to the collection of the three artworks from her house, and has no recall of Gander & White offering to sell her optional insurance which would cover damage to the artworks. See the Declaration of Lisa Abelow Hedley annexed hereto.

Tending to confirm that Ms. Hedley never assented to the limitation of damages upon

4

which Defendant has based the instant motion is the e-mail from Sara Rada of Defendant Gander and White in response to a request by Plaintiff's law firm for "the front and back sides of each bill of lading which you issued for the move." See Exhibit A to the Declaration of Alan J. Charkey. Ms. Rada attached the aforesaid "collection note" which, as already noted, contains no indication of assent by Ms. Hedley, along with a bill of lading dated January 8, 2019, *after* the works of art were damaged – and which also contains no signature or other indication of assent by Ms. Hedley. When given the chance to produce a document indicating Ms. Hedley's acceptance of Defendant's alleged terms and conditions, including a cents-per-pound limitation, Ms. Rada did not do so.

### III. STANDARD OF REVIEW

#### A. Motions to Dismiss

A motion to dismiss is grounded in Rule 12 of the Federal Rules of Civil Procedure. In relevant part, it provides as follows:

> **(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> \* \* \*
>
> (6) failure to state a claim upon which relief can be granted;
>
> \* \* \*
>
> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

F.R.C.P. 12. "Generally, consideration of a motion to dismiss under Rule 12(b)(6) is limited to

consideration of the complaint itself."  Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

> Consideration of materials outside the complaint is not entirely foreclosed on a 12(b)(6) motion.
>
> However, before materials outside the record may become the basis for a dismissal, several conditions must be met.  For example, even if a document is "integral" to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.

Id.  (Citations omitted.)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).  (Citations omitted.)  In considering a motion to dismiss, the court must assume all well-pleaded, nonconclusory factual allegations to be true.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd, 569 U.S. 108, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013).

Issues regarding the parties' intent are inappropriate for resolution by motions to dismiss.

> While the Court can make the determination of whether the parties intended to be bound in an alleged preliminary agreement on a motion to dismiss, courts are often reluctant to rule on the issue of intent to form a binding agreement in a judgment on the pleadings, and must be cautious in making such determinations. . . . . [I]n cases where the intent to be bound is not conclusively determinable based on the facts alleged in the complaint and the documents incorporated by reference, the issue of whether and when the parties intended to be bound is a factual issue that should be submitted to the jury.

Spencer Trask Software & Information Services LLC v. Rpost Int'l, Ltd., 383 F. Supp. 2d 428, 439 (S.D.N.Y. 2003).  (Citations, quotation marks and brackets omitted.)  Whether a party harbored an intent to enter into a contract "is an issue of fact that cannot be resolved on a motion to dismiss."  Phillips v. Reed Group, Ltd., 955 F. Supp. 2d 201, 240 (S.D.N.Y. 2011).

When matters outside the pleadings are submitted to the court in conjunction with a motion to dismiss,

> Rule 12(d) . . . presents district courts with only two options: (1) the court may exclude the additional material and decide the motion on the complaint alone or (2) it may convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.

Palin v. New York Times Co., 940 F.3d 804, 810 – 11 (2d Cir. 2019).  (Citations and quotation marks omitted.)

### B. Motions for Summary Judgment

In pertinent part, Rule 56 provides as follows:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> \*   \*   \*
>
> **(c) Procedures.**
>
> > (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> >
> > > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

7

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

*   *   *

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it; or

(4) issue any other appropriate order.

\* \* \*

"[D]isputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

> [T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. . . . . [W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs. . . . .
>
> [S]ummary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Id.  When considering a motion for summary judgment, all inferences must be drawn in favor of the nonmoving party.  Island Software & Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005).

"Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge, and a hearsay affidavit is not a substitute for the personal knowledge of a party."  Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d. Cir 1988).  (Citations omitted.)  A motion for summary judgment supported only by the declaration of the movant's attorney without personal knowledge of the facts will be denied.  Eurosteel Corp. v. M.V. Apollogracht, 2002 U.S. Dist. LEXIS 18345, \*9 (S.D.N.Y. 2002).

When the nonmoving party shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may deny the motion as premature.  See, e.g., Kerrigan v. N.Y. State Electric & Gas Corp., 2012 U.S. Dist. LEXIS 58520 (N.D.N.Y. 2012).

On a motion for summary judgment, the defendant has the burden of establishing an

9

affirmative defense. Bailey v. Pataki, 708 F.3d 391, 404 (2d Cir. 2013). Limitation of damages is an affirmative defense. Burns v. Imagine Films Entertainment, Inc., 198 F.R.D. 593, 602 (W.D.N.Y. 2000).

## IV.   ARGUMENT

Defendant's motion to dismiss should be denied as a motion to dismiss because it is not, in fact, a motion to dismiss but rather a motion for summary judgment. It should be denied as a motion for summary judgment (1) because there exist genuine issues of material fact as to whether Plaintiff's subrogor ever assented to, or even received, the terms which form the basis of Defendant's motion, (2) because the terms have been improperly introduced by a hearsay declaration and are inadmissible, and (3) because the motion is premature, as Plaintiff has had no opportunity to take discovery on the circumstances surrounding the terms. As to Defendant's demand for the dismissal of Plaintiff's negligence count, the motion should also be denied because Plaintiff is free to demand alternative types of relief and because New York law recognizes the alternative availability of tort damages in bailment situations.

### A.   The Motion to Dismiss Is Not A True Motion to Dismiss.

The motion to dismiss should be denied as a motion to dismiss because it does not satisfy the requirements of motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant seeks dismissal on the basis of documents – the collection note and the alleged standard terms and conditions – outside the pleadings, documents which have not been presented by Plaintiff's complaint.

Defendant attempts to circumvent this problem by baldly insisting that Plaintiff has admitted that Defendant's documents formed the basis of the contract which Plaintiff avers in the

complaint.[1]  Plaintiff has done no such thing.  Any reader of the complaint would search in vain for such an admission.  While it is true that in the complaint Plaintiff avers the existence of a contract between Plaintiff's subrogor Ms. Hedley and Defendant, the terms of that contract are not the terms which Defendant proffers.  Plaintiff instead alleges the existence of an implied-in-fact contract between Ms. Hedley and Defendant – that in exchange for good and valuable consideration, Defendant undertook to pack, remove and transport the three artworks from Palm Beach to New York City.  See the complaint, Defendant's Exhibit A, at paragraph 8.

> Under New York law, "[a] contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the 'presumed' intention of the parties as indicated by their conduct." Jemzura v. Jemzura, 36 N.Y.2d 496, 330 N.E.2d 414, 420, 369 N.Y.S.2d 400 (N.Y. 1975) (internal citations omitted); *see, e.g.*, Parsa v. State, 64 N.Y.2d 143, 474 N.E.2d 235, 237, 485 N.Y.S.2d 27 (N.Y. 1984) (an implied-in-fact contract "rests upon the conduct of the parties and not their verbal or written words"). A contract implied in fact is as binding as one that is express, and similarly "requires such elements as consideration, mutual assent, legal capacity and legal subject matter." Maas v. Cornell Univ., 94 N.Y.2d 87, 721 N.E.2d 966, 970, 699 N.Y.S.2d 716 (N.Y. 1999).

Leibowitz v. Cornell University, 584 F.3d 487, 506 - 07 (2d Cir. 2009).

Plaintiff disputes that the collection note and the standard terms and conditions attached as Exhibit B to Defendant's motion were ever submitted to Ms. Hedley in advance or as a condition of the parties' transaction.  On this issue, Defendant has the burden of proof.  Bailey v. Pataki, *supra*.  Moreover, because the mechanism for their introduction into the instant proceeding was improper, they are inadmissible.  See the discussion, *infra*.  The documents may not be used to sidestep the general rule that motions to dismiss should consider only the pleadings themselves.  See Faulkner v. Beer, *supra*.  Consequently, the motion to dismiss – as a motion to dismiss – based upon the argument that a limitation of damages precludes or negates

---

[1] See Defendant's Memorandum of Law at 3.

11

Plaintiff's claim as a matter of law, must be denied.

Moreover, the question of whether Ms. Hedley intended to assent to Defendant's documents cannot be resolved in a motion to dismiss. Spencer Trask Software & Information Services LLC v. Rpost Int'l, Ltd., *supra*; Phillips v. Reed Group, Ltd., *supra*.

### B.  Summary Judgment Must Be Denied Because There Exist Genuine Issues of Material Fact As To Whether Plaintiff's Subrogor Ever Assented To, Or Even Received, The Terms In Defendant's Documents.

With respect to Ms. Hedley's alleged assent to the terms in Defendant's documents, there exist genuine, and serious, issues of material fact which preclude summary judgment.

Ms. Hedley has no recollection of having received the documents and left her house before Defendant had taken the works. See her declaration, annexed hereto. Defendant says it was left with Ms. Hedley's "house staff," not with Ms. Hedley. Lindstrom Declaration, paragraph 7. The documents do not contain her signature. The collection note doesn't say where it was completed, never refers to terms and conditions on the reverse side, and contains no space for the declaration of a value. It does not purport to be a bill of lading, the sort of document that typically would be issued for such a shipment.

Moreover, when, prior to litigation, Plaintiff's counsel asked Defendant for "the front and back sides of each bill of lading which you issued for the move," Defendant could only respond with the collection note and a bill of lading dated January 8, 2019, long after the works of art were damaged – none of which contained any indication of assent by Ms. Hedley. See the Declaration of Alan J. Charkey and Exhibit A annexed thereto.

Defendant has furnished the Court with no facts supporting the vague contention in Ms. Lindstrom's declaration that Defendant's activities to pack and ship the artworks were "pursuant" to the documents. Defendant supplies neither the Court, nor Plaintiff, with any

`details.  Apparently, the Court is to simply accept a connection, and to infer Ms. Hedley's intent to consent to Defendant's documents, on counsel's say-so.

Involving an interstate shipment, Defendant's activities are governed by the Carmack Amendment, 49 U.S.C. § 14706.  "[T]he Carmack Amendment preempts state common law remedies that might be asserted against a carrier for damages to goods shipped under a proper bill of lading."  Cleveland v. Beltman North American Co., 30 F.3d 373, 378 (2d Cir. 1994).  (Court's emphasis omitted.)  Under the Carmack Amendment, a motor carrier may limit its liability "to a value established by written or electronic declaration of the shipper [*i.e.*, the customer] or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation."  49 U.S.C. § 14706(c)(1)(A).  "The statute imposes disclosure requirements that are intended to insure *informed decision making* on the part of the shippers who are accepting the lower liability limits provided for under the contracts."  Royal & Sun Alliance Insurance PLC v. UPS Supply Chain Solutions, Inc., 2010 U.S. Dist. LEXIS 130929, *15 (S.D.N.Y. 2010).  (Emphasis added.)

As previously noted, Defendant bears the burden of proving that the alleged limitation of damages applies to Plaintiff's claim, that the collection note – bereft of any indication of the opportunity to choose a valuation – is a bill of lading, and that Ms. Hedley assented to the limitation of damages.  Having supplied no facts surrounding the issuance of its documents, and hinging its entire motion on the word "pursuant," Defendant has not even begun to carry its burden.  And if Defendant ever does furnish such evidence, Plaintiff must be free to conduct discovery about it.  The motion must be denied.

**C.    Summary Judgment Must Be Denied Because Defendant's Documents Have Been Introduced by a Hearsay Declaration And Are Inadmissible.**

Rather than admit its documents into evidence through the declaration of someone with personal knowledge, Defendant instead submits the documents as attachments to the declaration of counsel, who states that she is "familiar with the facts stated herein based upon my review of the file maintained for the defense of this action." Lindstrom Declaration, paragraph 2. In essence, Ms. Lindstrom all but admits that she has *no* personal knowledge of the circumstances surrounding the documents.

Underscoring her lack of personal knowledge, Ms. Lindstrom declares that "Mrs. Hedley was present during the crating and the Agreement was left with her house staff upon completion of the contracted work." Lindstrom Declaration, paragraph 7.

The odds of Ms. Lindstrom having been present inside Ms. Hedley's house that day are remote. What is more likely is that Ms. Lindstrom was retained by Defendant's insurer after the complaint was filed, months later, and that she has no personal knowledge of the events of December 13, 2018. Tending to confirm that supposition, the alleged "house staff" with whom the documents were left are neither identified nor described in the Lindstrom Declaration.[2]

The hearsay declaration of someone without personal knowledge may not be used to support a motion for summary judgment. Sellers v. M.C. Floor Crafters, Inc., *supra*. This prohibition extends to the hearsay declarations of counsel. Eurosteel Corp. v. M.V. Apollogracht, *supra*.

Ms. Lindstrom's is the very model of the hearsay declaration banished by the courts from

---

[2] The corollary question of whether a legal document left with a domestic employee in the principal's absence, unacknowledged by the employee or his/her principal, could bind the principal is a question vital to Defendant's motion but which Defendant never bothers to address. "Pursuant" is Defendant's only attempt to explain why Ms. Hedley, and Plaintiff, are bound by the terms of the documents.

14

motions for summary judgment. Accordingly, the documents which the declaration seeks to introduce are not properly in evidence, and Plaintiff objects to them under Rule 56(c)(2).

### D. A Motion For Summary Judgment Is Premature.

Under Rule 56(d), the motion should also be denied because it is premature. Defendant has presented the Court with documents which Defendant contends precludes or sharply restricts Plaintiff's claim. However, Defendant has presented the Court, and Plaintiff, with no facts regarding the issuance of the documents, documents which Plaintiff's subrogor does not recall receiving.

As noted above, the documents attached as Exhibit B to Defendant's motion are not properly before the Court. However, assuming, *arguendo*, that they were, with Ms. Hedley's lack of recall, Plaintiff must be permitted to explore, through depositions and written discovery, the circumstances pertaining to the issuance of the documents, including, but not necessarily limited to, the questions of how the documents were issued, if they were issued, how the documents were left with the house staff, and why Defendant, a shipping company, has produced no bill of lading for the date when Defendant picked up the three artworks from Ms. Hedley's house.

As it stands, given Ms. Hedley's lack of recall, Defendant may have the only evidence as to the issuance of the documents, if indeed they were issued at all. Even though Defendant bears the burden of proof as to the damages limitation, without permitting discovery any such evidence that exists regarding the documents is currently exclusively within Defendant's possession. See the Declarations of Rafael Vergara, Esq. and Alan J. Charkey, Esq. attached.

Discovery must be permitted, and the motion denied.

### E. **Plaintiff's Tort Claim Is Well-Founded.**

Defendant also seeks the dismissal of Plaintiff's count for negligence, because it is allegedly inconsistent with Plaintiff's count for breach of contract.

To the extent that Plaintiff's counts are inconsistent, Rule 8(a)(3) permits inconsistent pleadings.

However, under New York law, the counts are not inconsistent, nor is the negligence count barred by the economic loss doctrine.

> A legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals, common carriers and bailees, for example, may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties. In these instances, it is policy, not the parties' contract, that gives rise to a duty of due care.

Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 551-52, 583 N.Y.S.2d 957, 961, 593 N.E.2d 1365, 1369 (1992). (Citations omitted.) "The economic loss doctrine makes exception . . . for actions against 'professionals, common carriers and bailees,' who 'may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties.'" TekVet Technologies Co. v. CrystalTech Web Hosting, Inc., 2016 U.S. Dist. LEXIS 55064, *14 (S.D.N.Y. Apr. 25, 2016), quoting Sommer. (Brackets omitted.)

Defendant undertook to take possession of Ms. Hedley's artworks and deliver them to New York. Defendant is a bailee.

> Bailment is generally defined as a delivery of personal property for some particular purpose upon a contract, express or implied, and that after such purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it.

Weyerhaeuser Co. v. Israel Discount Bank, 895 F. Supp. 636, 647 (S.D.N.Y. 1995). (Citations,

quotation marks and ellipsis omitted.)  Defendant failed to exercise reasonable care.  The economic loss doctrine is consequently inapposite.  Plaintiff's tort claim is well-founded.

## V. CONCLUSION

Defendant seeks the dismissal of Plaintiff's complaint on the basis of disputed, material evidence which has been improperly submitted to the Court, and on the basis of an allegedly impermissible legal theory that is actually eminently cognizable.  The motion should be denied.

Date: November 18, 2019

                                              Respectfully submitted,

                                              s/ Rafael Vergara
                                              Rafael Vergara, Esq.
                                              White and Williams LLP
                                              7 Times Square, Suite 2900
                                              New York, NY 10036
                                              Phone: 212-244-9500
                                              Email: vegarar@whiteandwilliams.com
                                              *Attorneys for Plaintiff,*
                                              *Federal Insurance Company,*
                                              *as subrogee of Lisa Abelow Hedley*