UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, as subrogee of LISA ABELOW HEDLEY, *Plaintiff*, v. GANDER & WHITE SHIPPING, INC., *Defendant.* | CIVIL ACTION No. 1:19-cv-07209-DAB  DECLARATION OF LISA ABELOW HEDLEY IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

I, Lisa Abelow Hedley, declare as follows:

1. I am an adult individual and resident of the state of Florida.

2. I make this Declaration in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss.

3. I have personal knowledge of this case and, if called, could competently testify to the matters set forth herein.

4. I am the former owner of three works by artist Donald Moffett which were damaged by the Defendant, Gander & White Shipping, Inc. (Gander & White), on or about December 13, 2018, after Gander & White picked up the three works of art from my house in Palm Beach, Florida, for shipment to New York City.

5. I submitted a claim for the damage to the Plaintiff, Federal Insurance Company, pursuant to a policy or policies of insurance which I had purchased from Federal Insurance Company.

6. I have read Gander & White's motion to dismiss, its memorandum of law, the Declaration by Wendy J. Lindstrom, and have reviewed the exhibits attached thereto, including Exhibit B, Gander & White's "Collection Note" and the page of fine print entitled "Standard Terms and Conditions."

7. On or about December 13, 2018, when Gander & White came to crate and remove the three works of art, I left my house while Gander & White was still crating the artworks, before they were taken away.

8. To the best of my recollection, Gander & White did not hand me the "Collection Note" or the page of fine print the page of fine print entitled "Standard Terms and Conditions" before I left the house.

9. I do not know if Gander & White gave the "Collection Note" and the page of fine print the page of fine print entitled "Standard Terms and Conditions" to my housekeeper after I left the house.

10. When I next returned to the house, Gander & White was gone, and the three artworks had been removed.

11. I do not recall if I ever read, agreed to or assented to the Standard Terms and Conditions which appear in Gander & White's Exhibit B before I left the house that day.

12. To the best of my knowledge, Exhibit B to Gander & White's motion to dismiss does not contain my signature.

13. I do not recall receiving a bill of lading from Gander & White with respect to the collection of the three artworks from my house in December 2018.

14. For the move of the three Moffett works of art from my house to New York City, I do not recall agreeing to a limitation of damages for any amount less than the full market value of the objects in case Gander & White damaged the objects.

15. I have no recall of Gander & White offering to sell me optional insurance which would cover damage to the works of art in case of damage to the three works of art while being moved from my house to New York City.

16. I have no recall of Gander & White asking me to declare a value for the works of art.

3

      I declare under penalty of perjury that the foregoing is true and correct. Executed on Nov. 14, 2019 (date).

                                                    Lisa Abelow Hedley

3