UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,
as subrogee of LISA ABELOW HEDLEY,               Docket No.: 19-cv-07209-DAB
              Plaintiff,

      -against-

GANDER & WHITE SHIPPING, INC.,
              Defendant.
----------------------------------------------------------------X


**Memorandum of Law in Reply**


                    Mazzola Lindstrom LLP
                    Wendy J. Lindstrom
                    Hanoch Sheps
                    *Attorneys for defendant*
                    *Gander & White Shipping, Inc.*
                    733 Third Avenue, 16th Floor
                    New York, NY 10017
                    wendy@mazzolalindstrom.com


December 16, 2019
New York, New York

Defendant Gander & White Shipping, Inc. respectfully submits this memorandum of law in further support of its motion to dismiss the claims of plaintiff Federal Insurance Company (as subrogee of Lisa Abelow Hedley) sounding in negligence in their entirety, and the claims for damages arising out of contract, if not in their entirety, then to the extent of the liability limitation set forth in the contract – *viz.,* 60 cents per pound per article up to a $2,000 maximum.

## Argument

**Point I:    The Contractual Limitation on Damages is Enforceable, and the Agreement Itself, though not Attached to the Complaint, is Cognizable on Consideration of this Motion to Dismiss.**

    **a. The Agreement is Integral Insofar as it is Authentic, Accurate and Relevant. Plaintiff's Subrogor Does Not Dispute Having Been in Possession of it Prior to Filing this Lawsuit.**

The agreement is integral to the court's review of this motion. Its authenticity and accuracy are undisputed, and it is the most relevant document in this case. The agreement establishes the duties, rights and obligations of the parties. In her declaration, plaintiff's subrogor Lisa Abelow Hedley does not dispute the authenticity or accuracy of the agreement. Tellingly, she does not deny that defendant left the agreement for her at her home. Moreover, defendant's employees' declarations reinforce the uncontested fact that the subrogor did receive the agreement both prior to her submitting an insurance claim, and before this suit was brought. Defendant's motion need not be converted to one for summary judgment because the agreement attached to defendant's motion is integral to the complaint and is not extrinsic evidence.[1] The court may thus – pursuant

---

[1] If the court deems it necessary to convert this to a motion for summary judgment, defendant respectfully requests the parties be afforded the opportunity to submit additional filings, as defendants reserve the right to present expert opinion evidence to show that plaintiff's subrogor's alleged damages were actually caused by the inherent vices of the materials used in the artworks, and to present further evidence negating the existence of a bailment relationship between defendant and the subrogor.

to *Faulkner v. Beer*, 463 F3d. 130, 134 (2d. Cir 2006) – consider the agreement, even though plaintiff did not bother to annex it to the complaint.

  The case law is clear that, to be bound by its terms, a plaintiff need not have read the contract or signed it, nor have even been told of its limitation of liability. (Memo of Law in Supp of Def. Motion to Dismiss, ECF DKT No. 6, pg. 4-5) (citing, generally, *Metzger v. Aetna Ins. Co.*, 227 N.Y. 411, 416 (1920); *Pagaduan v. Carnival Corp.*, 709 F. App'x 713, 716 (2d Cir. 2017); *Henneberry v. Sumitomo Corp. of Am.*, 2005 U.S. Dist. LEXIS 7475, at *38 (S.D.N.Y. 2005). In fact, the subrogor's failure to have read the contract is immaterial under New York law and ignorance of its terms does not provide a basis to invalidate them. *Id.* That said, the subrogor had ample opportunity to ask any questions about the nature of the agreement when defendants' fine art handlers showed up at her house to pick up the artworks that were to be transported. The subrogor exercised her prerogative to leave before the defendant's fine art handlers completed the packing and crating. This lawsuit is a feeble attempt to circumvent a bargained-for service, using misdirection. The subrogor does not say in her declaration that she never got the agreement; and she certainly does not say that she never read it. Instead, she says it wasn't put in her hands *before* she deserted the premises, leaving the fine art handlers alone in her house to complete the packing and moving.

  The declarations of the defendant's employees that we submit herewith show that the subrogor received the agreement, because the employees left it in a conspicuous place for her. See declarations of Forrest Sanders and Christian Olivares, exhibits "A" and "B" to the accompanying Lindstrom declaration.

b. **The Agreement Provided the Subrogor with an Opportunity to Declare a Value, and Indicated that the Terms and Conditions on the Reverse Side Applied.**

Again, plaintiff does not dispute that the subrogor had the agreement before the complaint was drafted. On the face of the agreement, each artwork was clearly delineated and there was a separate column for "Value." Plaintiff could have indicated a higher value, but she did not. At the bottom of each page it clearly stated that "[g]oods accepted and business transacted only under terms and conditions on the reverse side." The agreement is a pressure-sensitive form, with five separate individual double-sided leaves. Each of the pages – each being a different color – have the same terms and conditions on the reverse side." (Sanders Decl. at ¶12, Olivares Decl. at ¶12). The Standard Terms and Condition on the reverse side clearly stated:

> 2. VALUATION OF GOODS
>
> **Unless a greater valuation is declared and a subsequent insurance premium paid, the Customer or Owner declares and agrees that the value in case of loss or damage, whether arising out of storage, transportation, packing, unpacking** … handling of the goods, and the liability of the Company for any cause for which it may be liable for each or any piece or package and the contents is and shall be limited to sixty cents ($0.60) per pound per article up to a maximum of two thousand ($2,000.00) dollars. The Customer or Owner acknowledges that it has been given the opportunity to declare a higher valuation in case of loss or damage which would make the Company liable to pay the higher rate based thereon in conformance with the Uniform Commercial Code. The failure to declare a higher valuation for the goods shall preclude the Customer or Owner from claiming damages in excess of sixty cents ($0.60) per pound per article up to a maximum of two thousand dollars ($2,000.00). (Emphasis added).

Plaintiff has thus failed to put forth any argument against the validity or enforceability of the limitation of liability in the agreement.

**Point II   The Economic Loss Doctrine Bars Plaintiff's Duplicative Tort Claim.**

    **a. Defendant's Limitation of Liability Precludes an Independent Tort Claim.**

A valid limitation of liability will preclude an independent tort claim under both Federal common law and New York state law. *See, generally*, *Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys.*, 235 F.3d 53, 60 (2d Cir. 2000); and *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540 (1992). Limitations of liability are regularly enforced in New York. *Id.; see also*, *David Gutter Furs v. Jewelers Prot. Servs.*, 79 N.Y.2d 1027, 1029 (1992). A valid limitation of liability clause governs "not only the nature and extent of liability, but also the nature and extent of the shipper's right of recovery." *Id*. (citing *North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233 (2d Cir. 1978)). Such clauses, therefore, limit recovery not only for breach of contract, but also based on other legal theories, including negligence or bailment. *Id.* (citing *Owens-Corning Fiberglas Corp. v. U.S. Air,* 853 F. Supp. 656 (E.D.N.Y. 1994) (holding that a valid limitation of liability clause also applies to claims sounding in tort); 3 *Saul Sorkin, Goods in Transit* § 13.07[1], at 13-123 & n.27 (1976 & Supp. 1998) (contractual limitations of liability "may not be avoided by framing the complaint in terms of bailment or tort").

Defendant's limitation of liability is enforceable, and plaintiff's opposition does not contest the language utilized in the limitation itself. Insofar as New York law is clear on preventing parties from circumventing valid limitations of liability, plaintiff must be bound by the terms.

    **b. Plaintiff Failed to Allege a Legal Duty Independent of the Contract.**

It is undisputed that there was a contract to transport the subrogor's artworks, which reflected a bargained-for agreement between the parties. Plaintiff has not alleged the violation of a legal duty independent of the contract because each of the allegations is identical to the contractual obligations asserted in the cause of action for breach of contract. This legal duty must

spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract. *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653 (1987). But plaintiff failed to allege any separate circumstances or facts not already an element of or germane to the contract itself; the causes of action mirror one another.

New York courts consistently dismiss negligence claims where the plaintiff's allegations of negligence are simply a restatement of the contractual obligations asserted and seek the identical economic damages. *Bd. of Managers of 100 Cong. Condo. v. SDS Cong., LLC*, 152 A.D.3d 478, 481, 59 N.Y.S.2d 381 (2d Dep't 2017) (citing *Clark-Fitzpatrick, supra*). Merely alleging that the defendant breached a contract because it failed to act with due care will not transform a claim of breach of contract into a negligence claim *Id.* Charging a breach of a "duty of due care," and employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim. *MVP Health Plan, Inc. v. OptumInsight, Inc.*, 765 F. App'x 615, 617 (2d Cir. 2019) (citing *Clark-Fitzpatrick*, *supra*). Here, the damages plaintiff allegedly sustained as a consequence of defendant's violation of a "duty of due care" were clearly within the contemplation of the subrogor's agreement with defendant. So plaintiff's reliance on *Sommer* is unavailing, as the *Sommer* court held:

> In disentangling tort and contract claims, we have also considered the nature of the injury, the manner in which the injury occurred and the resulting harm (see, *Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 293-295 (1991)).
> 
> ***
> 
> [W]here plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory (*Id.*; *Clark-Fitzpatrick*, 70 NY2d, at 389-390, *supra*).

Here, at most this is a case of property sustaining damage while in transit. No one was injured; there is no claim of gross or reckless misconduct; there is no claim that the artworks were

stolen. Therefore, nothing takes this case outside the general rule of enforceability of contract limitations on damages.

## Conclusion

For all the foregoing reasons, plaintiff's negligence claim must be dismissed in its entirety, and any contractual claim for damages in excess of 60 cents per pound per article up to a maximum of $2,000 dollars must be dismissed.

Dated:      December 16, 2019
            New York, New York

Respectfully submitted,

Mazzola Lindstrom LLP

*/s/ Wendy J. Lindstrom*
By: Wendy J. Lindstrom
Hanoch Sheps
*Attorneys for defendant*
*Gander & White Shipping, Inc.*
733 Third Avenue, 16th Floor
New York, NY 10017
wendy@mazzolalindstrom.com