USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  _7/8/2020_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FEDERAL INSURANCE COMPANY,**
*as subrogee of Lisa Abelow Hedley*,

                                    **Plaintiff,**

                    **-against-**

**GANDER & WHITE SHIPPING, INC.,**

                                    **Defendant.**

**1:19-CV-07209 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Federal Insurance Company ("FIC") brings this action against Defendant Gander

& White Shipping, Inc. ("Gander") alleging breach of contract and negligence in connection with

the removal, transportation, and shipment of three works of fine art.  Defendant filed a motion to

dismiss the claims.  For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

## BACKGROUND

The following facts are taken from allegations contained in Plaintiff's Complaint and are

presumed to be true for purposes of this motion.

On December 13, 2018, Lisa Abelow Hedley ("Hedley"), entered into an agreement with

Gander to pack, remove, and transport three works of art by Donald Moffett ("Moffett Works")

from Florida to New York City. *See* Complaint (ECF No. 1) at ¶8.  Gander's employees and/or

agents packed the Moffett Works and removed them from Hedley's house and placed them in a

motor vehicle for transportation to a Gander facility. *Id.* at ¶¶ 10–12.  When they arrived at the

facility, Gander's employees and/or agents determined that each of the three works had been

significantly damaged. *Id.* at ¶¶ 13–15.

FIC issued an insurance policy to Hedley that covered her works of art, including the Moffett Works. *Id.* at ¶18.[1]  Pursuant to the Insurance Policy, FIC has paid Hedley $240,000 in connection with the damage to the Moffett Works.  FIC, as subrogee of Hedley, now brings this action against Defendant for breach of contract and negligence.  FIC filed its Complaint on August 1, 2019. ECF No. 1.  Gander filed a motion to dismiss on November 4, 2019, ECF Nos. 5–6, FIC filed an opposition on November 18, 2019, ECF No. 7, and Gander filed a reply on December 16, 2019, ECF No. 10.  Gander's motion to dismiss is fully briefed and ready for consideration.

## STANDARD OF REVIEW

When resolving a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

## DISCUSSION

---

[1] Policy number 001125091509.

The central dispute in the Parties' briefs is whether Defendant properly introduced evidence of a Collection Note that Defendant claims was provided to Hedley and governs the terms of their agreement.  The Note limits damages "in excess of sixty cents ($0.60) per pound per article up to a maximum of two thousand dollars ($2,000.00)" unless the Customer or Owner declares a higher valuation. *See* Memorandum of Law in Support of Motion to Dismiss ("Def. Memo") (ECF No. 6) at 1.  Defendant asserts that the Note is an enforceable contract, and accordingly, that the Court should dismiss Plaintiff's claims in excess of $2,000.  Plaintiff, on the other hand, contests the validity and enforceability of the Note.  Specifically, Plaintiff argues that the Note is extrinsic evidence that the Court cannot consider at the motion to dismiss stage, and that Hedley never agreed to the terms and conditions in the Note. *See* Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Opp.") (ECF No. 7) at 1.

Courts generally cannot look beyond the four corners of a complaint in considering a motion to dismiss. *See In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir.), *certified question accepted sub nom. Thelen LLP. v. Seyfarth Shaw LLP*, 22 N.Y.3d 1017 (2013), and *certified question answered*, 24 N.Y.3d 16 (2014) ("In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies.").  Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d); *see also Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) ("[A] district court acts properly in converting a motion [under Rule 12(b)(6) or 12(c)] into a motion for summary judgment when the

motion presents matters outside the pleadings, but the rule requires that the court give sufficient notice to an opposing party and an opportunity for that party to respond.") (citation and quotation marks omitted).  "We have recognized, however, that in some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).  "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

The Collection Note introduced by Defendant is extrinsic evidence that was neither attached to nor incorporated into Plaintiff's Complaint.  Defendant incorrectly asserts that the Note is "integral to the court's review of this motion" and that "[i]ts authenticity and accuracy are undisputed." Memorandum of Law in Reply ("Def. Reply") (ECF No. 10) at 2.  Although Plaintiff references a contractual agreement in the Complaint, Plaintiff responds that the Note provided by Defendant is not the agreement Plaintiff was referencing. *See* Pl. Opp. at 1 ("Although a contract did exist, its terms were manifestly *not* those which Defendant has cited."); *id.* at 11 ("While it is true that in the complaint Plaintiff avers the existence of a contract between Plaintiff's subrogor Ms. Hedley and Defendant, the terms of that contract are not the terms which Defendant proffers.").  The Complaint does not, and indeed cannot, rely "heavily upon [the Note's] terms and effect" when Plaintiff disputes the authenticity and validity of the Note itself. *Goel*, 820 F.3d at 559.

Plaintiff also raises other factual disputes, including that the Note "does not plainly state its purpose, doesn't say whether it was completed, doesn't refer to itself as a bill of lading, doesn't contain, or indicate, any opportunity for the customer to declare a value of the works, and most

importantly, doesn't contain even the slightest scintilla of any indication of assent by Mr. Abelow Hedley." Pl. Opp. at 3–4. These factual disputes are not properly resolved on a motion to dismiss. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 56 (2d Cir. 2012) ("[I]n the context of a motion to dismiss, if a contract is ambiguous as applied to a particular set of facts, a court has insufficient data to dismiss a complaint for failure to state a claim.") (internal quotation marks and citations omitted); *see also Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 240 (S.D.N.Y. 2013) ("This argument fails because it requires the Court to assume that the Defendants never intended to enter into an agreement with Plaintiff about his equity interest before the formal LLC agreement was signed. Whether Defendants actually harbored such an intention is an issue of fact that cannot be resolved on a motion to dismiss.").

The Court declines to convert Defendant's motion to dismiss into a motion for summary judgment. As discussed above, there remain significant factual disputes about the authenticity and enforceability of the Collection Note. For example, both Parties acknowledge that Hedley did not sign the note, nor was it directly handed to her. Instead, Defendant asserts that Gander's performance and Hedley's acceptance thereof is the manifestation of her acceptance. The Parties, however, dispute whether Hedley received the Collection Note, understood the terms, or agreed to the terms. These are material factual disputes that would benefit from further factual development and discovery. *See Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 383 F. Supp. 2d 428, 439 (S.D.N.Y. 2003) ("However, in cases where the intent to be bound is not conclusively determinable based on the facts alleged in the complaint and the documents incorporated by reference, 'the issue of whether and when the parties intended to be bound is a factual issue that should [be] submitted to the jury.'") (quoting *Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 593 (2d Cir. 1996)). Without additional development of evidence, it would be inappropriate for

the Court to convert Defendant's motion to dismiss into a motion for summary judgment and then rule on that motion. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 576 (2d Cir. 1993) ("We have previously held summary judgment an improper procedural vehicle for determining the parties' intent not to be bound in the absence of written agreements—even in cases where evidence strongly suggests the contrary.").[2]

The Court exercises its discretion to "exclude the additional material and decide the motion on the complaint alone." *Palin v. New York Times Co.*, 940 F.3d 804, 810 (2d Cir. 2019) (citation omitted). Drawing all reasonable inferences in Plaintiff's favor, the Complaint plausibly alleges claims for breach of contract and negligence. Defendant argues that Plaintiff's negligence claim is barred by New York's economic loss doctrine. *See* Def. Memo at 6–9. However, Defendant's argument turns, in significant part, on the existence and contours of the contract or agreement between Hedley and Gander. *See* Def. Reply at 5–6 ("Plaintiff has not alleged the violation of a legal duty independent of the contract because each of the allegations is identical to the contractual obligations asserted in the cause of action for breach of contract."). Based on the current record, excluding the Collection Note, the contours of the agreement between the Defendant and Hedley are unclear, and thus it is also unclear whether any exception to the economic loss doctrine applies. *See, e.g.*, *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 397 (S.D.N.Y. 2018)

---

[2] The Court also pauses to note that, to the extent it was inclined to convert Defendant's motion to dismiss into a motion for summary judgment, it would have to provide the Parties "a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Given the procedural posture of this case, this would entail dismissing the pending motion without prejudice and providing the Parties an opportunity to submit additional evidence. *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) ("Ordinarily, this means that a district court 'must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading.'") (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)). Given the need for additional factual development in this case, the Court believes it most efficient for the Parties to further develop the record through discovery before the Court considers motions for summary judgment.

("However, an exception to the economic loss doctrine exists where the defendant has a duty independent of contractual obligations.") (citation and quotation marks omitted); *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of New York*, 734 F. Supp. 2d 368, 379 (S.D.N.Y. 2010) ("A limited exception to New York's barrier against recovery of economic loss exists, however, for claims of negligent misrepresentation."); *Royal Park Investments SA/NV v. HSBC Bank USA, Nat. Ass'n*, 109 F. Supp. 3d 587, 599 (S.D.N.Y. 2015) ("[I]n claims against professionals, '[a] legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship. Professionals . . . may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties.") (quoting *Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 17 (2d Cir. 2000)).  Accordingly, it would be premature for the Court to dismiss Plaintiff's negligence claim pursuant to New York's economic loss doctrine.

## CONCLUSION

Because Defendant's motion to dismiss relies primarily on disputed, material extrinsic evidence, the Court **DENIES** Defendant's motion to dismiss.


**SO ORDERED.**

**Dated:**      **July 8, 2020**
              **New York, New York**

_____

        **ANDREW L. CARTER, JR.**
        **United States District Judge**