# MAZZOLA LINDSTROM LLP

Wendy J. Lindstrom
wendy@mazzolalindstrom.com

D: 646.216.8440
M: 516.680.2889

Hanoch Sheps
hanoch@mazzolalindstrom.com

D: 646.216.8126

February 12, 2021

VIA ECF

The Honorable Katharine H. Parker, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

RE:   Federal Insurance Company v. Gander & White Shipping, Inc.
       U.S. District Court for the Southern District of N.Y., Case No. 1:19-cv-07209-ALC-KHP

Dear Judge Parker:

   We write in reply to plaintiff's opposition to defendant's request for a limited and brief extension of the fact deposition deadline.

   In each of the three prior instances where the parties submitted joint status letters to the Court, plaintiff's counsel inquired whether defendant had comments or revisions prior to uploading the letter onto the docket. Such professional courtesies are normal, and we trust that the Court expects no less of counsel.

   This time, however, plaintiff's counsel failed to ask whether we had any suggested changes. Counsel sent his draft letter to us on February 10 at 4:39 pm, indicating "[p]lease add your piece and send back to me before filing." We responded six minutes later, at 4:44 pm, that we would review and revert. We had two email exchanges the following morning (yesterday), but in neither did plaintiff mention the draft letter or say that he would be filing by a time certain (as counsel had so courteously done in the past). Had counsel waited for our revisions, as he had on three prior occasions, he would have seen that the draft included a modest request for an extension.

   Counsel filed his letter at ECF Dkt. 31 at 5:07 pm. At 5:19 pm, we wrote to counsel that "we're putting in our own letter; I wish you'd have to checked in before filing, as you had in the past." At 5:22 pm we advised the court and counsel by writing, in relevant part that "defendant will be filing a letter in response to the below in short order. Defendant [was] actively revising the draft joint letter when plaintiff's filing came across." Frankly, we were taken by surprise by the unilateral filing – without advance notice that counsel would not wait for our proposed

The Honorable Katharine H. Parker, U.S.M.J.
February 11, 2021
Page 2                                                                                        Mazzola Lindstrom LLP

changes – and wanted to promptly respond to fully apprise the court of the status and correct the inaccuracies in plaintiff's filing.

As to the substance of the request, in [ECF Dkt. 29](#) (endorsed at [ECF Dkt. 30](#)), we advised that court that we had to subpoena Ms. Hedley after it had become clear that the records were not being disclosed voluntarily. Ms. Hedley has since cooperated to an extent with the subpoena requests, and documents were only just received last week. That is why the deposition is being scheduled – while we too would like to schedule it before the fact discovery deadline, we wanted to advise the court of the situation and request an extension to ensure that needed discovery could be completed.

Contrary to plaintiff's assertion, defendant is not seeking additional discovery to prove the fragility of the artworks; rather, the discovery is sought to prove that the artworks were also significantly damaged prior to being tendered to defendant, and that the plaintiff insurer substantially overpaid on the claim to its subrogor/insured Hedley. To forgo such discovery would be extremely prejudicial to defendant. In sum, plaintiff opposes an extension because they want the Court to help them settle the case and avoid discovery that would elicit exculpatory evidence from the plaintiff, and – we believe – show that the plaintiff did zero – or virtually zero – due diligence before paying Ms. Hedley on her claim.

Defendant therefore reiterates the request that the fact deposition deadline of February 26, 2021 be extended accordingly and that a settlement conference can be schedule thereafter.

We thank the court for its consideration of the matter and the requests therein.

Respectfully submitted,

MAZZOLA LINDSTROM LLP

By: _____
Wendy J. Lindstrom, Esq.
Hanoch Sheps, Esq.

1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
(646) 216-8300
wendy@mazzolalindstrom.com
hanoch@mazzolalindstrom.com

Attorneys for Defendant,
Gander & White Shipping, Inc.

CC: Tracy Burnett, Esq., *via email only*